**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

|  |  |
|---|---|
| In re:<br>**BOSTON GRAND PRIX, LLC**<br>                Debtor.<br>_____<br><br>**GARY W. CRUICKSHANK, CHAPTER 7 TRUSTEE OF THE ESTATE OF BOSTON GRAND PRIX, LLC,**<br>                Plaintiff,<br>   v.<br><br>**JOHN F. CASEY; CASEY SUMMIT, LLC; LASER LEASING, INC., d/b/a AESTHETIC LASER EXCHANGE; AESTHETIC MEDICAL LASERS, LLC, a Colorado Limited Liability Company; AND GAYLE CASEY,**<br>                Defendants,<br><br>And<br>**CASEY SUMMIT, LLC; LASER LEASING, INC., d/b/a AESTHETIC LASER EXHCHANGE; AESTHETIC MEDICAL LASERS, LLC, a Colorado Limited Liability Company; CATHERINE M. CASEY AS TRUSTEE OF 36 ELLERY STREET NOMINEE TRUST; and CATHERINE M. CASEY AS TRUSTEE OF THE CASEY FAMILY TRUST,**<br>                Reach and Apply Defendants,<br><br>And<br>**BANK OF AMERICA CORP.; CITIZENS BANK OF MASSACHUSETTS; LEADER BANCORP, INC.; PEOPLE'S UNITED FINANCIAL, INC.; TD BANK, N.A.; SANTANDER HOLDINGS, USA; UBS FINANCIAL SERVICES, INC.; FMR, LLC d/b/a FIDELITY INVESTMENTS; PRUDENTIAL FINANCIAL, INC.; JANNEY MONTGOMERY SCOTT, LLC; STERLING BANCORP a/k/a STERLING NATIONAL BANK; AND RAYMOND JAMES & ASSOCIATES, INC.**<br>                **Trustee Process Defendants.** | **Chapter 7**<br><br>**Case No. 16-12574-MSH**<br><br><br><br><br><br><br>**Adv. Proc. No.: 16-** |

_____

## AFFIDAVIT OF GARY W. CRUICKSHANK

    I, Gary W. Cruickshank, do hereby depose on oath and state as follows:

1. I am the duly appointed Chapter 7 Trustee of Boston Grand Prix, LLC (the "Debtor" or "BGP").

2. I make this affidavit in support of my request for prejudgment relief.

3. As part of my investigation into the financial affairs of the Debtor, I have reviewed the Schedules and Statement of Financial Affairs and I have personally and through my counsel conducted 341 meetings of the Debtor on August 11, 2016, November 1, 2016, November 9, 2016 and November 18, 2016. I have also reviewed (i) my notes from the initial section 341 meeting, (ii) transcripts of the testimony of John Casey given at three continued Section 341 meetings; (iii) documents produced by the Debtor to the Trustee, including, among other things, the Debtor's so-called Executive Summary prepared by Casey for presentation to potential investors.

4. Casey's testimony at the various 341 meetings included the following:

(i) Casey was the Chief Financial Officer of BGP from January 1, 2015 until his resignation in June of 2016. He was one of two managing members of BGP and became the sole managing member after Mark Perrone, the former CEO, resigned as managing member on February 1, 2016.
(ii) Casey Summit, LLC ("Casey Summit"), an entity in which Casey is the sole manager and member, became the Chief Executive Officer of BGP commencing on December 28, 2015 until Casey resigned in June of 2016.
(iii) Casey Summit's appointment as CEO by BGP was retroactive to September 1, 2015. For all intents and purposes, Casey had been acting as CEO since September 1, 2015.
(iv) Casey considers himself and Casey Summit, LLC to be one and the same.
(v) Casey is a Certified Public Accountant who earned an undergraduate degree in accounting from Boston College and a Masters of Business Administration in International Finance from Babson College.

5. Subsequent to my appointment, I conducted a public auction sale of the personal property of BGP, which sale generated gross proceeds of $35,100, and collected $10,971.81 in cash from the Debtor's bank accounts and $1,086.03 in insurance refunds.

2

6. The bar date in this case has passed, and unsecured claims in this case total in excess of $11 million after accounting for monies paid to ticket holders from funds paid to the Attorney General by IndyCar,LLC..

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF December 2016.

_____
Gary W. Cruickshank